IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:20-cv-00625

| | |
|---|---|
| ELIZABETH A. NANCE,  )<br>  )<br>  )<br>      Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>PITTSBURGH GLASS WORKS, LLC  )<br>and MELISSA CRAFTCHICK,  )<br>  )<br>      Defendants.  )| **COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Elizabeth A. Nance ("Plaintiff" or "Nance"), by and through counsel, brings this action for violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq., against Defendants Pittsburgh Glass Works, LLC ("PGW") and Melissa Craftchick ("Craftchick") (together, "Defendants").

## THE PARTIES

1. Nance is an adult individual who is a resident of Elkin, North Carolina.

2. Defendant PGW is a foreign limited liability company registered and in good standing in the State of North Carolina.

3. Defendant Melissa Craftchick is the Human Resources Manager of PGW. In this capacity, Craftchick is involved in the day-to-day business operations of PGW. Craftchick has the authority to make decisions regarding hiring, discipline and termination of employees, including the decision to terminate Plaintiff's employment. At all relevant times, Craftchick acted and had

responsibility to act on behalf of, and in the interests of PGW in devising, directing, implementing and supervising the FMLA practices and policies relating to employees, including the FMLA issues raised in this lawsuit. At all relevant times, PGW was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A).

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 over the subject matter of the claims brought under the FMLA for unlawful interference and retaliation.

5. This Court has personal jurisdiction because Defendants conduct substantial business in Surry County, North Carolina, which is located within this judicial district.

6. Venue is proper in this judicial district because Defendants have substantial business contacts in this district and because the unlawful acts alleged herein occurred in Surry County located within this judicial district.

7. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## COVERAGE ALLEGATIONS

8. Defendants employed at least fifty (50) employees at all relevant times.

9. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. At all times hereinafter mentioned, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2), meaning that Defendants employed her for at least 12 months and she performed at least 1250 hours of service with Defendants during the 12-month period preceding the termination of her employment.

# PLAINTIFF'S FACTUAL ALLEGATIONS

11. Plaintiff began her employment with Defendants on or about March 2016 as a Production Operator at Defendants' facility in Elkin, North Carolina.

12. At all times Plaintiff met or exceeded Defendants' legitimate employment expectations.

13. On or about March 2, 2020, Plaintiff began suffering from intense cold and flu symptoms and was unable to work. On or about March 3, 2020, Nance texted Ashley St. John, her Team Leader, and asked her to notify her supervisor, William Frederick, that she would not be able to work that day and intended to seek medical treatment. Plaintiff's throat was so sore, she had extreme difficulty speaking or she would have called security to notify them of her absence rather than St. John.

14. On March 3, 2020, Plaintiff visited her medical provider for diagnosis and treatment of her cold/flu symptoms. Her medical provider gave Plaintiff a prescription for medication to treat the flu and a note excusing her absence that day and sought time off until March 9, 2020 to fight off and recover from the flu.

15. Later that day, Plaintiff contacted CIGNA, Defendants' third party FMLA administrator, provided her doctor's note, and sought approval for protected leave under the FMLA, for which she was approved. Plaintiff also called Craftchick and left a message on her voicemail notifying her that she had sought FMLA through CIGNA and would be out of work that day through March 8th.

16. On March 4, March 7 and March 8, 2020, Plaintiff called Defendants' security desk and requested that the guard on duty notify Frederick that she would not be at work per her medical provider's restrictions.

17. Plaintiff returned to work on or about March 9, 2020 and was notified that her employment had been terminated for not reporting her absence on March 3, 2020, to security desk. Defendant acknowledged that Plaintiff was out on FMLA leave at the time, but it was still terminating her employment.

18. Plaintiff had a serious health condition protected under the FMLA – she had an in-person visit to her health care provider within a day of incapacity due to the flu that resulted in a regimen of continuing treatment (medication) under the supervision of her health care provider for the remainder of her incapacity that lasted more than three calendar days. Defendants failed to return Plaintiff to her job following leave as required by the FMLA. Defendants terminated Plaintiff's employment because she sought to enforce her rights to medical leave under the FMLA; Defendants' claimed reason for termination is pretext for retaliation.

19. Defendants' actions were intentional, willful, and reckless.

## Plaintiff's First Cause of Action

### (Violation of FMLA - Interference)

20. Plaintiff incorporates by reference paragraphs 1 through 19 of her Complaint.

21. Plaintiff's First Cause of Action arises from Defendants' interference with Plaintiff's rights under the FMLA and unlawful termination of Plaintiff's employment because she attempted to utilize protected FMLA leave.

22. Defendants' actions were intentional, willful and/or taken with reckless disregard of Plaintiff's rights under the FMLA.

23. Plaintiff suffered damages as a result of Defendants' unlawful conduct.

## Plaintiff's Second Cause of Action

## (Violation of FMLA – Retaliation)

24. Plaintiff incorporates by reference paragraphs 1 through 24 of her Complaint.

25. Plaintiff's Second Cause of Action arises from Defendants' unlawful termination of Plaintiff's employment because she attempted to utilize protected FMLA leave.

26. Defendants' actions were intentional, willful and/or taken with reckless disregard of Plaintiff's rights under the FMLA.

27. Plaintiff suffered damages as a result of Defendants' unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to the FMLA that Defendants reinstate Plaintiff to the position she held prior to the termination of her employment or to a comparable position with full seniority, benefits and wages, or pay front pay to Plaintiff in lieu thereof;

b) An Order pursuant to the FMLA that Defendants pay Plaintiff all lost wages, benefits, compensation, and monetary loss suffered because of Defendants' unlawful actions;

c) An Order Pursuant to the FMLA that Defendants pay Plaintiff liquidated damages;

d) An Order pursuant to the FMLA ordering Defendants to pay Plaintiff punitive damages;

e) Order pursuant to the FMLA ordering Defendants to pay Plaintiff all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

f) Order Defendants to pay to Plaintiff pre- and post-judgment interest on all sums recoverable; and

g) Order Defendants to provide Plaintiff with all other legal and/or equitable relief to which she is entitled.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Craig L. Leis
Craig L. Leis, NCSB #48582
Philip J. Gibbons, Jr., NCSB #50276
Jason S. Chestnut NCSB #52066

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038

E-Mail: craig@gibbonsleis.com
phil@gibbonsleis.com
jason@gibbonsleis.com