# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO: 1:20-CV-00625

| | |
|---|---|
| ELIZABETH A. NANCE, | ) |
| | ) |
|          **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )    **ANSWER** |
| PITTSBURGH GLASS WORKS, LLC | ) |
| and MELISSA CRAFTCHICK[1] | ) |
| | ) |
|          **Defendants.** | ) |

Defendants Pittsburgh Glass Works, LLC ("PGW") and Melissa Kraftchick ("Kraftchick") (collectively the "Defendants"), by and through counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby file their Answer to Plaintiff Elizabeth Nance's ("Plaintiff" or "Nance") Complaint.

As permitted by Rule 8(d) of the Federal Rules of Civil Procedure, some defenses to the claim or claims made in the Complaint may be asserted herein alternatively and, in some cases, hypothetically. As permitted by the Federal Rules of Civil Procedure, such defenses are being asserted regardless of their consistency and are based on both legal and equitable grounds. As the facts of this civil litigation are fully developed through the discovery process, certain defenses may be abandoned, modified, or amended as permitted by and consistent with the Federal Rules of Civil Procedure.

---

[1] Individual Defendant's last name is properly spelled "Kraftchick."

## FIRST DEFENSE

To the extent that Plaintiff's Complaint fails to state a claim upon which relief can be granted against the Defendants, such claim or claims should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Answering the specific allegations of the Complaint, Defendants state as follows:

## THE PARTIES

1. Defendants admit the allegations of Paragraph 1 upon information and belief.

2. Defendants admit that PGW is a Pennsylvania company registered and in good standing in the State of North Carolina. Except as herein admitted, Defendants deny the allegations of Paragraph 2.

3. Defendants admit that Kraftchick is the Human Resources Manager at PGW's plant in Elkin, NC. Kraftchick, along with others, is involved in decisions of hiring, discipline, and termination. Defendants submit that 29 U.S.C. §2611(4)(A) speaks for itself and/or that Plaintiff's allegations surrounding the same is a legal conclusion requiring no response. Except as herein admitted, Defendants deny the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint contains a statement of jurisdiction and conclusions of law that do not require a response. To the extent any response is necessary, Defendants agree that federal courts have original jurisdiction over federal questions and

2

Case 1:20-cv-00625-LCB-JLW   Document 4   Filed 10/22/20   Page 2 of 10

that Plaintiff purports to bring her claims under the Family Medical Leave Act of 1993, as amended ("FMLA").

5. Paragraph 5 of the Complaint contains a statement of jurisdiction and conclusions of law that do not require a response. To the extent any response is necessary, Defendants admit that PGW conducts business in Surry County, North Carolina.

6. Paragraph 6 of the Complaint contains a statement of venue and conclusions of law that do not require a response. To the extent any response is necessary, Defendants deny that they committed any unlawful acts.

7. Paragraph 7 of the Complaint does not require a response.

## COVERAGE ALLEGATIONS

8. Defendants admit the allegations of Paragraph 8.

9. Paragraph 9 contains a legal conclusion that requires no response from Defendants. To the extent a response is necessary, 29 U.S.C. §2611(4) speaks for itself and is the best evidence of the contents thereof.

10. Paragraph 10 contains a legal conclusion that requires no response from Defendants. To the extent a response is necessary, 29 U.S.C. §2611(2) speaks for itself and is the best evidence of the contents thereof. Defendants do admit that Plaintiff was employed full time and had worked for PGW for more than twelve months.

## PLAINTIFF'S FACTUAL ALLEGATIONS

11. Defendants admit that Plaintiff was employed by PGW on June 6, 2016 and worked as a Packer/Operator Level I at PGW's facility in Elkin, North Carolina. Except as herein admitted, Defendants deny the allegations of Paragraph 11.

12. Defendants deny the allegations of Paragraph 12.

13. Defendants are without sufficient information to form a belief as to the allegations contained in the first or third sentences of Paragraph 13 and as such the same are denied. Upon information and belief, Defendants deny the second sentence of Paragraph 13.

14. Defendants are without sufficient information to form a belief as to the allegations contained in Paragraph 14 and as such the same are denied.

15. Defendants admit that Plaintiff left a voicemail for Kraftchick sometime after her no call/no show the morning of March 3, 2020, and upon information and belief after Plaintiff contacted Cigna, PGW's third party administrator. Upon information and belief, Plaintiff contacted Cigna late in the day on March 3, 2020 to commence the FMLA request process. Except as herein admitted, Defendants deny the allegations of Paragraph 15.

16. Defendants admit that Plaintiff was initially unaware of the March 3, 2020 termination decision and that on March 4, 7, and 8, she called PGW's front desk to report her absences on those dates. Except as herein admitted, Defendants deny the allegations of Paragraph 16.

17. Defendants admit that despite being previously advised of the termination decision, Plaintiff came to the facility on March 9, 2020 and was informed, again, of the Company's March 3, 2020 termination decision. Except as herein admitted, Defendants deny the allegations of Paragraph 17.

18. Defendants are without sufficient information to form a belief as to the first sentence of Paragraph 18 and as such the same is denied. Defendants deny all remaining allegations of Paragraph 18.

19. Defendants deny the allegations of Paragraph 19.

**Plaintiff's First Cause of Action**
**(Violation of FMLA – Interference)**

20. Defendants incorporate by reference their responses to Paragraph 1 – 19 as if fully set forth herein.

21. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

**Plaintiff's Second Cause of Action**
**(Violation of FMLA – Retaliation)**

24. Defendants incorporate by reference their responses to Paragraph 1 – 23 as if fully set forth herein.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27.

## PRAYER FOR RELIEF

The remaining portion of the Complaint contains a prayer for relief to which no response is necessary. To the extent any response is required, Defendants deny that Plaintiff is entitled to any recovery sought in the Prayer for Relief. Defendants further submit that Plaintiff's request for punitive damages in subparagraph (d) is misplaced as punitive damages are not awardable under the causes of action brought by the Plaintiff.

## FURTHER DENIAL

Any Complaint allegations not expressly admitted herein are hereby denied in their entirety.

## ADDITIONAL DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant, having fully answered the Complaint, sets forth the following additional defenses:

## THIRD DEFENSE

Plaintiff's claim for liquidated damages should be dismissed because at all times Defendants acted in good faith, and did nothing that would justify an award of liquidated damages under the FMLA.

## FOURTH DEFENSE

Plaintiff's claims under the FMLA are barred to the extent that she did not have a serious health condition justifying leave.

**FIFTH DEFENSE**

Plaintiff's claims under the FMLA are barred to the extent that Defendants did not have proper notice of any serious health condition of Plaintiff, or proper notice of Plaintiff's alleged need for leave under the FMLA, and to the extent Plaintiff did not request time off in a manner that justified consideration or granting of FMLA leave.

**SIXTH DEFENSE**

Plaintiff's claims are barred to the extent she failed to follow PGW's notice procedures.

**SEVENTH DEFENSE**

Plaintiff's claims for damages are barred to the extent she failed to mitigate her damages.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands, estoppel, laches, and/or waiver.

**NINTH DEFENSE**

Plaintiff's claims for damages are barred to the extent any damages suffered were the result of her own contributory negligence.

**TENTH DEFENSE**

Plaintiff's claims are barred because all personnel actions involving Plaintiff were undertaken in good faith and for legitimate business reasons that were not retaliatory.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent there was no causal connection between the events alleged in the Complaint and any damages Plaintiff allegedly has sustained.

## TWELFTH DEFENSE

Defendants' conduct and actions were at all times undertaken in good faith, and without malice or ill-will toward Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent Defendants would have taken the same actions against her whether or not she attempted to exercise her right to take leave under the FMLA.

## FOURTEENTH DEFENSE

Plaintiff's damages may be barred in whole or in part by the doctrine of after-acquired evidence.

## RESERVATION OF DEFENSES

Because no discovery has yet to occur in this action, Defendants reserve the right to assert further defenses as appropriate.

# DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully pray that the Court enter a judgment providing that:

1. Plaintiff's claims in this action be dismissed in their entirety, with prejudice;

2. Plaintiff recovers nothing of the Defendants;

3. Defendants be awarded their reasonable costs in defending this action, including their reasonable attorneys' fees; and

4. Defendants be awarded such other and further relief as this Court deems appropriate.

This the 22nd day of October, 2020.

**/s/ Kristine M. Sims**
Kristine M. Sims
NC State Bar No. 26903
Email: ksims@constangy.com
**/s/ Gerard M. Clodomir**
Gerard M. Clodomir
NC State Bar No. 54176
Email: gclodomir@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: craig@gibbonsleis.com, phil@gibbonsleis.com and jason@gibbonsleis.com.

This the 22nd day of October, 2020.

**/s/ Kristine M. Sims**
Kristine M. Sims
NC State Bar No. 26903
Email: ksims@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

*Attorney for Defendants*

6925705v.1